UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Michael Ray Anderson #24049-056**, <br> *aka Michael Anderson* <br>                            Petitioner, <br> <br> vs. <br> <br> Michael Pettiford, Warden, FCI Bennettsville, <br> <br>                            Respondent. <br> _____ | ) C/A No. 8:07-943-CMC-BHH <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner is currently incarcerated at FCI-Bennettsville in Bennettsville, South Carolina, serving a 184-month federal sentence. He was convicted of a felon in possession of firearms charge and given an enhanced armed career criminal sentence following a September 28, 2004 guilty plea in the Eastern District of North Carolina (ED NC). His conviction and sentence were affirmed on appeal, *U.S. v. Anderson*, 164 Fed. Appx. 446, 2006 WL 278411 (4th Cir. Feb. 6, 2006), and his initial § 2255 motion was dismissed by the ED NC on October 20, 2006. His appeal from that dismissal was also unsuccessful. *U.S. v. Anderson*, No. 06-7867, 2007 WL 648166 (4th Cir. March 5, 2007). Petitioner then filed this case approximately one month later. (Entry 1).

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

In the Petition filed in this case, Petitioner claims that he is "actually innocent" of the enhanced sentence because, according to Petitioner, the state court convictions relied on to enhance his sentence were insufficient to support the enhancement requirements. In response to the question on the § 2241 petition form that he used to submit this case to this Court asking him to "state why your remedy by way of [a § 2255] motion is inadequate or ineffective to test the legality of your detention," Petitioner states:

> ACTUAL INNOCENCE CLAIM CANNOT BE RAISED ON DIRECT APPEAL, OR UPON Section § 2255 post conviction proceedings. Could not raise ineffective assistance of counsel claim becuase [sic] claim was raised on direct appeal, but could not be addressed as actual innocent of armed career criminal, thereby foreclosing ineffective assistance of counsel claim on Section § 2255.

Entry 1, Petition at 2.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because all of Petitioner's claims are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective or that he is actually innocent of the criminal charge to which he pled guilty. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. U. S.*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. U. S. Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *see U. S. v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about the prior state court convictions used as a basis for the entry of his armed career criminal sentence all go to the underlying validity of that sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255

by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues.  *See In re Vail,* 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir., Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir., Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir., May 18, 2000)(same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir., Aug. 12, 1999)(same).

With regard to the application of the § 2255 "savings clause" to § 2241 petitions, it is settled in this circuit that the possibility that a second § 2255 petition filed by Petitioner in the Eastern District of North Carolina might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective.  *See In Re Vial*, 115 F.3d at 1194 n. 5. Petitioner's response to the petition form question about inadequacy or ineffectiveness and his attempted reliance on a specious actual innocence assertion (see discussion below) must be summarily rejected for several reasons.  The first reason for rejection of his assertion is that Petitioner cannot, in good faith, claim that the § 2255 remedy is "inadequate or ineffective" in his case because it does not appear that he ever asked the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, to consider whether he should be permitted to file a second § 2255 motion prior to filing this case.[2]   In any event, this Court cannot overrule the Eastern District of North Carolina or the Fourth Circuit's previous findings that Petitioner's voluntary guilty plea waived his right to contest the

---

[2] Petitioner does not even attempt to address or excuse this procedural failure.

underlying validity of the enhanced sentence he received following his conviction, *see* 164 Fed. Appx. at 447, and Petitioner's failure to pursue available and appropriate statutory procedures to have his current arguments considered in the proper forum indicates that his § 2241 Petition was filed in an attempt to circumvent the requirements of the the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA.[3]

Finally, Petitioner's contention that he is actually innocent of the enhanced sentence he received does not require this Court to consider the merits of his Petition.[4]  For one thing, review of the points raised in his direct appeal and in his initial § 2255 motion show clearly that his claims about the inadequacy of the state court convictions used to support the enhanced sentence, though not couched in actual innocence terms, have already been raised, considered, and rejected at least twice by both the sentencing court and the appellate court.[5]  Furthermore, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. U. S.*,

---

[3] The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing, and consideration of habeas corpus cases, including cases filed under either § 2255, § 2241, or § 2254.

[4] Claims of actual innocence appear to the be the most recent alternative to the "inadequate and ineffective" remedy argument generally raised by prisoners such as Petitioner who, essentially, attempt to receive an improper "second or third bites of the apple" by filing § 2241 petitions collaterally attacking convictions and/or sentences following unsuccessful direct appeals and/or § 2255 motions.

[5] Review of the electronic docket of the sentencing court, see www.nced.uscourts.gov, discloses that the same or closely similar arguments about the adequacy of the prior state court convictions as support for enhanced sentencing were raised by his counsel early on in the sentencing phase of his criminal case in a "Sentencing Memorandum" filed on April 1, 2005.  *U.S. v. Anderson*, Criminal case no. 4:03-cr-00080-FL (Document 35).  The arguments were repeated in both his direct appeal and in his initial § 2255 motion.  *Id.* (Documents 42-1, 43-1); *see also U.S. v. Anderson*, No. 05-4479, 2005 WL 2405252 (4th Circuit Appellate Brief filed Sept. 5, 2005).

6

523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004), *cert. denied*, _ U.S. _, 126 S.Ct. 489 (2005). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where the they have already filed unsuccessful direct appeals and initial § 2255 motions in which they failed or neglected to make the specific actual innocence claim. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issue previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997). However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charge on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. U. S.*, No. 99-3893, 2000 WL 571952(6th Cir. May 2, 2000)(unpublished opinion, text available on Westlaw)(bare

allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

Petitioner's actual innocence claim is based on his assertion that the Court improperly gave him an enhanced sentence by reliance on inadequate prior state court convictions which were all "consolidated" for sentencing purposes or which otherwise were not the type of prior convictions required under the enhanced sentencing statutes and guidelines. A similar claim of actual innocence of an enhanced sentence was recently considered by this Court in an unpublished opinion, the text of which is available on Westlaw.: *Chisholm v. Pettiford*, No. 6:06-2032-PMD, 2006 WL 2707320 (D. S.C. Sept. 18, 2006). The Court in *Chisholm* rejected the actual innocence claim of a federal prisoner made in a petition filed pursuant to 28 U.S.C. § 2241, and relied, in part, on a prior case from this Court, *Davis v. U. S.,* No. 8:05- 2778GRA, 2006 WL 89505, at *6 (D. S.C. Jan.12, 2006). The *Davis* case relied, in part, on a case decided by the Fifth Circuit Court of Appeals in 2000: *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001). With regard to another claim of actual innocence of enhanced sentencing made in a § 2241 petition by a federal prisoner housed in Texas, the *Kinder* court stated,

> Claims of actual innocence have been recognized by some courts as being possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions. . . . . Kinder's argument that he is actually innocent of being a career offender . . . , however, is not the type of argument that courts have recognized may warrant review under § 2241. Recent cases examining the scope of § 2255's savings clause have done so because of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). . . . Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense. . . . Thus, in each case, the petitioner could claim he was actually innocent of the crime of which he was convicted. In contrast, Kinder argues that . . . his conviction of

> conspiracy cannot support application of the Guidelines' career offender provisions. He makes no assertion that he is innocent of the crime for which he was convicted.

222 F.3d at 213-14 (citations and footnotes omitted).

In sum, as in *Kinder*, *Davis*, and *Chisholm*, nothing in this case presents more than an allegation of actual innocence of an enhanced sentence – not of the underlying criminal conviction -- based on some alleged inadequacy of the evidence relied on by the sentencing court to impose the sentence. Despite Petitioner's contention (which is actually belied by the record in his criminal case) that he was procedurally barred from previously raising his present challenge to his enhanced sentence in either his direct appeal or in his § 2255 motion(s), there is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of the Petitioner's criminal conviction. As a result, based on the case law cited above, the facial inadequacy of the Petition now under consideration requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *U. S. v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal

district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.  Petitioner's attention is directed to the important notice on the next page.

                Respectfully submitted,


                s/Bruce Howe Hendricks
                United States Magistrate Judge

April 24, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).